IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID M. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-765-GMS |
| | ) |
| CARL DANBERG, TERRY ZINK, | ) |
| and JTVCC Records, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, David M. Williams ("Williams"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Williams alleges that he is wrongfully incarcerated based upon his offender status sheet at the VCC. Initially the court notes that a prisoner has the right to be released from his sentence, and detention beyond the termination of the sentence may be in violation of the Eighth Amendment. *Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989).

The court takes judicial notice that on April 13, 1998, a Delaware grand jury returned three separate bills of indictment against Williams in Cr. ID Nos. 9803018189, 9803018210, and 9803018202. *Williams v. State*, 974 A.2d 858 (Del. 2009) (table decision). On July 20, 1998,

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

the grand jury returned another indictment against Williams, charging him with a number of additional criminal offenses in Cr. ID No. 9807002178. *Id.* All of the indictments were later incorporated in a superseding indictment, with Cr. ID No. 9803018202 designated as the lead case. *Id.* Four counts of the superseding indictment were later severed and redesignated as Case ID 9803018202B. *Williams v. State*, No. 470,2010, 2010 WL 4467200 (Del. Nov. 8, 2010). Williams was convicted of those four charges in August 1999 and sentenced as a habitual offender. *Id.*

In July 2010, Williams filed a motion for correction of an illegal sentence in State court on the ground that his status sheet maintained by the Delaware Department of Correction ("DOC") incorrectly lists him as being convicted under the indictment in Cr. ID No. 9803018210, which was dismissed by the State upon the issuance of the superseding indictment. *Id.* His motion was denied and Williams appealed. The Delaware Supreme Court affirmed the denial on November 8, 2010, and found that the sentence imposed was within statutorily authorized limits and was otherwise legal. *Id.* The Delaware Supreme further found that the DOC's recordkeeping error reflecting the wrong case identification number had no impact on the sentence that Williams is currently serving and that the sentence is entirely legal. *Id.*

In his current complaint, Williams alleges that he was sentenced to probation for all charges under Cr. ID No. 9303018210. Williams filed a writ of mandamus in the Delaware Superior Court, and it was denied on August 2, 2010. A memorandum in support of his complaint states that his "short time release date" is February 28, 2010. (D.I. 7.) Williams seeks injunctive relief and compensatory damages for "mistake of facts, negligence, change in plea, and probable cause not established by grand jury."

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Williams proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R.

Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Williams leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Williams has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege Williams's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[2] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

-5-

## III. DISCUSSION

### A. State Actor

Williams names Terry Zink ("Zink"), a secretary at the Public Defender's Officer as a witness/defendant. To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. The complaint contains no allegations directed towards Zink and there is no indication that she is nothing other than a private individual who works in the Delaware Public Defender's Office. Notably, there are no allegations that Zink is "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004). Finally, there are no allegations that she took any actions that can point to a violation of Williams' constitutional rights.

For the above reasons, the court will dismiss as frivolous the claims raised against Zink pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

### B. Person under § 1983

Plaintiff names the VCC Records Office as a defendant. The claim against the VCC Records Office is barred by *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69 (1989), which holds that neither states nor state officials sued in their official capacities for money damages are "persons" within the meaning of § 1983. *See Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). The VCC is not a person as is required under § 1983.

In addition, the VCC Records Office is immune from suit. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Corr.*, 749 F. Supp. 572, 579 (D. Del. 1991). Hence, as an agency of the State of Delaware, the VCC, including its Records Office, is entitled to immunity under the Eleventh Amendment.

The VCC Records Office is not a person within the meaning of § 1983, and as an agency of the State of Delaware is immune from suit. As a result, the claim against it lacks an arguable basis in law or in fact and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### C. Habeas Corpus

To the extent that Williams attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Furthermore, he cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the

underlying conviction or sentence. Considering *Heck* and summarizing the interplay between habeas and § 1983 claims, the Supreme Court explained that,"a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Williams has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*. It appears that Cr. ID No. 9803018210 was dismissed upon the issuance of a superseding indictment under which Williams was ultimately convicted. Of import is that the Delaware Supreme Court very recently held that Williams was properly convicted and sentenced and that the DOC's recordkeeping error has no impact on the validity of his commitment. *See Williams v. State*, No. 504,2010, 2010 WL 4735041 (Del. Nov. 22, 2010).

To the extent Williams seeks damages for his current incarceration, his claim rests on an "inarguable legal conclusion," is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**D. Rooker-Feldman Doctrine**

An alternative basis for dismissal lies under the Rooker-Feldman Doctrine. Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings.[3] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see*

---

[3]The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court *sua sponte. Desi's Pizza, Inc. v. City of Wilkes-Barre,* 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.,* 347 F.3d 72, 77 (3d Cir. 2003).

*Power v. Department of Labor,* Civ. No. 02-169-GMS, 2002 WL 976001 (D. Del. May 3, 2002). As discussed above, the issues raised by Williams have been resolved by the Delaware state courts.

The *Rooker-Feldman* doctrine applies as this is a case "brought by [a] state-court loser [ ] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Allowing plaintiff's claims to proceed against the defendants would allow him to use the federal courts to appeal state court judgments and, thus, would run afoul of the *Rooker Feldman* doctrine. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983). Williams' claims fall under the purview of the *Rooker-Feldman* doctrine and, therefore, the court cannot exercise jurisdiction.

## IV. CONCLUSION

For the above reasons, the court will deny as moot Williams' request for counsel. (D.I. 6.) In addition, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile.

An appropriate order will be entered.

_Jan 3_, 2011
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE